# Order

Michigan Supreme Court
Lansing, Michigan

September 22, 2006

129438
129482

RICHARD T. CLERC, Personal Representative of
the Estate of SARALYN M. CLERC, Deceased,
          Plaintiff-Appellee,

v

CHIPPEWA COUNTY WAR MEMORIAL
HOSPITAL,
          Defendant-Appellant,

and

ROBERT BAKER, M.D.,
          Defendant-Appellee.
_____/

RICHARD T. CLERC, Personal Representative of
the Estate of SARALYN M. CLERC, Deceased,
          Plaintiff-Appellee,

v

CHIPPEWA COUNTY WAR MEMORIAL
HOSPITAL,
          Defendant-Appellee,

and

ROBERT BAKER, M.D.,
          Defendant-Appellant.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 129438
COA: 254940
Chippewa CC: 01-005641-NH

SC: 129482
COA: 254940
Chippewa CC: 01-005641-NH

On order of the Court, the applications for leave to appeal the August 4, 2005 judgment of the Court of Appeals are considered and, pursuant to MCR 7.302(G)(1), we direct the Clerk to schedule oral argument on whether to grant the applications or take other peremptory action permitted by MCR 7.302(G)(1). The parties shall submit

supplemental briefs within 42 days of the date of this order addressing whether: (1) when the trial court conducts an evidentiary hearing consistent with the gatekeeping obligation of MRE 702, described in both *Gilbert v DaimlerChrysler Corp*, 470 Mich 749 (2004), and *Craig v Oakwood Hospital*, 471 Mich 67 (2004), and satisfies the requirements of MCL 600.2955, but determines that the proponent of the expert has not put forth sufficient evidence that the expert's proposed testimony is "the product of reliable principles and methods," the trial court is nevertheless required to conduct a more "searching inquiry," *Gilbert* at 782, before the court may exclude the expert testimony; (2) if a qualified medical expert testifies that ethical considerations preclude a scientific study that would yield supporting data for the expert's opinion, the expert's own knowledge and experience, without such corroborating evidence, is sufficient to establish a reliable basis for this opinion in satisfaction of MRE 702, as described in *Gilbert, supra,* and *Craig, supra*; and (3) if the trial court finds the expert's anecdotal evidence based on the expert's own knowledge and experience insufficient to show a reliable basis for the expert's opinion and permits the expert's proponent an opportunity to provide additional corroborating evidence, the proponent's failure to provide additional corroborating evidence constitutes a waiver of any further "searching inquiry."



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 22, 2006

*Corbin R. Davis*
Clerk

p0919